## SULLIVAN *vs.* LOWDER *&* *al.*

In a controversy between two with regard to the true divisional line between contiguous lots, both deriving title from the *Commonwealth of Massachusetts*, the conveyances and acts of the *Commonwealth* by its agents, made *subsequent* to the conveyance to the demandant, were held to be inadmissible as evidence for the tenant.

THIS was a writ of entry for the recovery of certain lands alleged to be in the town of *Dutton.* The demandant shew a conveyance from the *Commonwealth of Massachusetts* to *Henry Jackson*, dated *October* 3d, 1797, and derived title from him. The defendants claimed title to the contiguous lot under a deed from the *Commonwealth of Massachusetts* to *Parks & Lowder*, dated *September* 21, 1825, and from the latter to them. The controversy between the parties was as to the true divisional line between their lots. The corner and monument contended for by the defendants, was a *hemlock tree*, while that contended for by the demandant, was a *hard-wood tree*, they being from 130 to 160 rods distant from each other.

Much evidence was introduced by both parties, and among other, the defendant offered a deed from the *Commonwealth of Massachusetts*, by *Salem Town*, to *Joseph Treat*, dated *June* 9, 1806, of one quarter part of the town of *Orono*, by certain boundaries, and describing the same as bounded by said *hemlock tree* as a corner. The demandant objected to this evidence, but *Weston J.* admitted it. The tenant made no claim of title under this deed, it being admitted that, said *Treat* in a short time after he received his deed, surrendered back his title to the *Commonwealth.*

The defendants also offered in evidence a written contract between the *Commonwealth*, by *Lee*, and *Burgess & Sears*, dated

*May* 7, 1819. Also a deed from *Parks & Lowder* to *Peter Johnson,* dated in 1826, both of which were objected to, but admitted. There was evidence in the case introduced by the tenant, tending to show that the demandant or those under whom he claimed, had recognised the *hemlock corner ;* and it did not appear that he or they had exercised any acts of ownership over the demanded premises ; and the evidence objected to, was received to show that the *Commonwealth* of *Massachusetts* by its agents, and those claiming under the *Commonwealth,* had claimed and exercised ownership over the land in controversy after the conveyance to the demandant.

If the evidence objected to and admitted, ought not to have been received, then the verdict which was for the tenants was to be set aside and a new trial granted.

*J. Appleton,* for the demandant, cited *Bartlett v. Delprat & al.* 4 *Mass.* 702 ; *Clark* v. *Waite,* 12 *Mass.* 439 ; 5 *Johns.* 412 ; *Stackpole* v. *Arnold,* 11 *Mass.* 27 ; *Towle & al.* v. *Stevenson,* 1 *Johns. Cas.* 110 ; *Garwood* v. *Dennis,* 4 *Bin.* 332.

*Rogers,* for the defendants, contended that the conveyances and contract were admissible as the acts of cotemporaneous owners of the adjoining closes. They were acts of ownership and as such were evidence — more or less conclusive, as they were known to the other party. 3 *Atkins,* 576 ; *Cowp.* 819 ; 3 *T. R.* 279 ; 6 *T. R.* 388 ; 7 *East,* 199.

MELLEN C. J. — The deed of the *Commonwealth of Massachusetts* under which the demandant claims, bears date *Oct.* 3*d,* 1797, and the controversy between the parties is, what is the true place of the east line of the tract conveyed, which now forms the town of *Dutton.* The defendants contend that a certain *hemlock* tree is the true corner bound of the tract. The plaintiff contends that a certain *hard-wood* tree is the true bound. These trees are between 130 and 160 rods distant from each other. The defendants also hold under the *Commonwealth* by a deed dated *Sept.* 21*st,* 1825, a tract of land adjoining the before named tract conveyed to *Jackson.* In order to shew that the plaintiff's action is not maintainable for the land in dispute and that the line which he

contends for is not the true one, the deed of the *Commonwealth* to *Treat*, of *June* 9, 1806 — the contract of *May*, 1819, and the deed of 1826 from *Parks* and *Lowder* to *Johnson*, were offered, objected to, and admitted. · The defendants do not claim under either of those deeds, or the said contract. The question is, whether they were legally admitted ; or, in other words, were the two former competent evidence, as the *declarations* of the *Commonwealth*, by its agents, or the latter as the *declarations* of *Parks* and *Lowder?* — being declarations made many years after the date of the deed of the *Commonwealth* to *Jackson*, under which the demandant holds. It is an undisputed principle that no declarations of a grantor can be admitted to impair the title which he had previously conveyed, or limit the extent of his grant, or locate the boundaries ; for all these things are in derogation of the title and rights he has conveyed. The above documents would not have been offered in evidence, with any other view than to limit the claim of the demandant and defeat the present action. What right could a grantor have thus to interpose ? — But it is said that the question in issue is, where is the true divisional line ? Be it so. The parties consider it a question of interest and importance to them, and why should the grantor by his declarations or opinions be permitted to influence the decision of the question ? It is said that the making of the deed to *Treat*, and the contract with *Burgess* and *Sears* was *an act*, shewing or tending to shew the true position of the divisional line. If it was such, and *agreed* to by the demandant or those under whom he claims, it would be so ; and so would any *parol* agreement of the parties, had the admitted documents, which were objected to, never existed. We have no proof before us that ever such assent was given, or such documents kown to the demandant. The proof admitted to shew that the demandant had acknowledged that the true line was the one contended for by the defendant, was properly admitted ; but that is a very different species of proof from that which was objected to. Beyond this, there seems to be a stronger objection to the admission of the deed from *Parks* and *Lowder* to *Peter Johnson.* — They are not the persons under whom the demandant claims. What circumstance can give any right to the admission of the declarations or opinions of *Parks* and *Lowder*, as evidence in this

cause against the demandant, more than the declarations or deeds of any other persons ? We cannot perceive any principle on which such declarations could be admitted. It is stated that the proof objected to was admitted to show that the *Commmonwealth*, by their agents and those claiming under them, had *claimed* and exercised *ownership* over the land in controversy: and what if they had ? It could not affect the title previously granted, or the limits or location of the grant ; nor is it any open act of ownership over the land, which in the present case could have any effect ; and as to the claims of *Parks* and *Lowder* in 1826, surely the demandant is not to be affected by them. The verdict must be set aside and a new trial granted.